**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178 )
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHEILA GREEN,<br><br>Plaintiff,<br><br>v.<br><br>FIRSTSOURCE ADVANTAGE, LLC,<br><br>Defendant. | **Case No. 2:19-cv-01040**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *ET SEQ.*<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788** *ET SEQ*.<br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff, SHEILA GREEN, through counsel, WAJDA LAW GROUP, APC, complaining of Defendant, FIRSTSOURCE ADVANTAGE, LLC, as follows:

**NATURE OF THE ACTION**

1. This action seeks damages for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. SHEILA GREEN ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. FIRSTSOURCE ADVANTAGE, LLC ("Defendant") offers collections and recovery solutions. It provides debt recovery services for credit card issuers, retail banking and mortgage. Firstsource Advantage, LLC was formerly known as Firstsource LLC and changed its name in February, 2007. The company was founded in 1995 and is based in Amherst, New York. As of October 8, 2004, Firstsource Advantage, LLC operates as a subsidiary of Firstsource Solutions Limited.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

11. On January 22, 2019, Defendant mailed Plaintiff an initial written communication stating:

> "Your outstanding balance for the American Express account listed above is past due and has been sent to us by American Express for collection efforts. At Firstsource Advantage, LLC, we know you want to put this debt behind you. To do so, please send the total amount due, ***made payable to American Express***, in the enclosed envelope."

(emphasis added).

12. Plaintiff's $2,084.48 balance for the American Express account is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Plaintiff's $2,084.48 balance for the American Express account is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

14. This letter also included a payment coupon with instructions to "***make payment to Firstsource Advantage, LLC***, P.O. Box 628, Buffalo, New York 14240-0628." (emphasis added).

15. Two (2) different payees on this letter confused Plaintiff as she did not know to whom to make payment to.

16. This Letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2) as it conveys information regarding the debt directly to Plaintiff.

17. By transmitting this Letter to Plaintiff, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

## CLAIMS FOR RELIEF

**Count I:**
**Fair Debt Colleciton Practices Act (15 U.S.C. § 1692 *et seq.*)**

18. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation of 15 U.S.C. §§ 1692e and e(10)**

19. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20. The standard used for determining whether a collection letter or conduct violates § 1692e is an objective standard based on the "least sophisticated consumer." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982). Under this standard, a letter might literally be true, but still confusing or misleading.

21. Defendant's letter is confusing as it provided two (2) different payees that Plaintiff should make payments to – causing Plaintiff to question to whom to make payments to.

22. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(1) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e and e(10);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

### COUNT II:
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)**

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Cal. Civ. Code § 1788.17**

24. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

25. As alleged, Defendant violated 15 U.S.C. §§1692e and e(10); therefore violating Cal. Civ. Code § 1788.17.

26. Plaintiff may enforce the provisions of Cal. Civ. Code § 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated Cal. Civ. Code § 1788.17;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.  an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.  an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 11, 2019

Respectfully submitted,

**SHEILA GREEN**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com